**WEST PENN POWER COMPANY, a corporation, Petitioner,**

v.

**Russell TRAIN, Administrator of the Environmental Protection Agency of the United States of America, Respondent.**

**No. 75–1259.**

United States Court of Appeals, Third Circuit.

Argued Oct. 2, 1975.

Additional Letter Memoranda Filed June 30 and July 8, 1976.

Decided July 30, 1976.

Harold R. Schmidt, Lawrence A. Demase, and Edwin J. Strassburger, Rose, Schmidt & Dixon, Pittsburgh, Pa., for petitioner.

Wallace H. Johnson, Asst. Atty. Gen., Alfred T. Ghiorzi and John E. Varnum, Attys., Dept. of Justice, Robert Zener, Gen. Counsel, Washington, D.C., and Susan P. Legros, Atty., Environmental Protection Agency, Philadelphia, Pa., for respondent.

## OPINION OF THE COURT

Before MARIS, VAN DUSEN and HUNTER, Circuit Judges.

PER CURIAM:

Petitioner, West Penn Power Company, seeks review under § 307(b)(1) of the Clean Air Act, 42 U.S.C. § 1857h–5(b)(1), of the action of the Administrator of the Environmental Protection Agency in approving the Commonwealth of Pennsylvania implementation plan for the attainment of national ambient air quality standards. West Penn contends that it is economically and techno-logically infeasible for one of its facilities, Boiler No. 33 at the Mitchell Power Station, to comply with the emission limitations established by the implementation plan.[1] It asserts that this case must be remanded to the Administrator with directions for him to consider West Penn's economic and technological objections. We deny the petition for review.

In *Union Electric Co. v. EPA,* —— U.S. ——, 96 S.Ct. 2518, 48 L.Ed.2d ——, ·(1976), the Supreme Court held that:

"[C]laims of economic or technological infeasibility may not be considered by the Administrator in evaluating a state requirement that primary ambient air quality standards be met in the mandatory three years. And, since we further conclude that the States may submit implementation plans more stringent than federal law requires and that the Administrator must approve such plans if they meet the minimum requirements of § 110(a)(2), it follows that the language of § 110(a)(2)(A) provides no basis for the Administrator ever to reject a state implementation plan on the ground that it is economically or technologically infeasible. Accordingly, a court of appeals reviewing an approved plan under § 307(b)(1) cannot set it aside on those grounds, no matter when they are raised."

West Penn attempts to distinguish the instant case from *Union Electric* on the basis of footnote 19 in that case, which states:

"Petitioner has briefed its contention that the Due Process Clause of the Fifth Amendment demands that at some time it be afforded the opportunity to raise before a court claims of economic and technological impossibility. This claim was neither presented to nor considered by the Court of Appeals, and we declined to grant certiorari on the question. . . In any case, we could not resolve petitioner's claim here, for there has been no showing that a § 307(b)(1) appeal would

---

1. The background of this case appears more fully in *West Penn Power Co. v. Train,* 522 F.2d 302 (3d Cir. 1975).

be the only opportunity for petitioner to raise before a court its claims of economic and technological impossibility."

In *West Penn Power Co. v. Train* (West Penn I), 522 F.2d 302 (3d Cir. 1975), we held that the district court did not have jurisdiction to hear West Penn's challenges to the Administrator's actions. Because of that holding, West Penn asserts, the instant action is the only means available to it to raise claims of economic and technological infeasibility before a court, and that to deny it an opportunity to raise these claims in this action would violate due process.

We reject West Penn's assertion that the instant case is distinguishable from *Union Electric*. There has been no showing that our previous decision (*West Penn I*) prevents West Penn from receiving meaningful judicial consideration of its feasibility contentions.[2]

■ To the extent that *West Penn I* relied on the availability of review of economic and technological feasibility claims under § 307(b)(1) of the Act, 42 U.S.C. § 1857h–5(b)(1), the Supreme Court's decision in *Union Electric* has eroded its authority. *West Penn I*'s holding that the Administrative Procedure Act (APA)[3] does not provide an independent source of jurisdiction has continuing validity but it has not been shown, and *West Penn I* did not hold, that judicial review of EPA action under the APA would not be within the jurisdiction of the federal courts under a general grant of jurisdiction in Title 28 of the United States Code.[4] Moreover we note that the decision in *West Penn I* that the notice of violation sought to be reviewed in that case was not final agency action and, therefore, not reviewable un-

der 5 U.S.C. § 704, would not be dispositive if West Penn were to commence an action seeking review of the compliance order which has now been issued.[5] Whether the compliance order is final we do not decide; we merely conclude that *West Penn I* did not resolve that question.

We find the Supreme Court's decision in *Union Electric* to be controlling, and on that basis we dismiss the petition for review.

---

**2.** See *Union Electric Co. v. EPA*, —— U.S. ——, 96 S.Ct. 2518, 2530, 48 L.Ed.2d ——, (1976). We note that the Court stated that:

"Claims of technological or economic infeasibility, the Administrator agrees, are relevant to fashioning an appropriate compliance order under § 113(a)(4)."

**3.** 5 U.S.C. § 701 *et seq.*

**4.** See *Dunlop v. Bachowski*, 421 U.S. 560, 564–66, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); Note, Jurisdiction to Review Federal Administrative Action: District Court or Court of Appeals, 88

Harv.L.Rev. 980, 981–85 (1975). We note that West Penn did claim jurisdiction under 28 U.S.C. § 1337 in the district court during the *West Penn I* litigation, but did not appeal the district court's denial of jurisdiction under that section. We express no opinion on whether the Clean Air Act is an "act regulating commerce" within the meaning of § 1337. We also note that a claim of jurisdiction under § 1331 was presented to neither the district court nor to us.

**5.** See *West Penn I, supra*, 522 F.2d at 312 n. 33.